ERVAIN J. FRIEHE, APPELLEE, V. STATE OF NEBRASKA,
BOARD OF EDUCATIONAL LANDS AND FUNDS, APPELLANT.
260 N. W. 2d 188

Filed November 30, 1977. No. 41222.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellant.

Ronald D. Mousel of Mousel & Burger and Jill B. Nagy, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding to determine the value of the interest of the lessee in 203.3 acres of growing wheat on a school land lease. The appraisers appointed by the county judge fixed the value of the wheat at $21,133.03. Upon appeal to the District Court the jury fixed the value of the wheat at $16,223. To this amount the District Court added interest at the rate of 6 percent per annum from December 31, 1973, the date of expiration of the lease.

The defendant, State of Nebraska, Board of Educational Lands and Funds, has appealed and contends the trial court erred in permitting the jury to consider factors other than seed-bed preparation, fertilization, seed, and seeding in determining the

value of the wheat and in allowing interest from the date of the expiration of the lease.

The State relies on section 72-240.18 (2), R. R. S. 1943, which provides: "In the case of growing crops the appraisers shall assess the value of the crop as of the date of expiration of the lease. The appraisers shall consider in the case of fall-seeded grain crops the cost of seed-bed preparation, fertilization, seed and seeding." The State argues that in determining the value of fall-seeded grain crops, such as the wheat involved here, only the cost of seed-bed preparation, fertilization, seed, and seeding may be considered.

The State argues that the statute should be interpreted strictly because it is in derogation of the common law and that the legislative history indicates the recovery should be limited to the items mentioned in section 72-240.18 (2), R. R. S. 1943. L. B. 704, Laws 1967, c. 467, p. 1452, when introduced, did provide that the appraisers might consider the value of the potential yield of growing crops as shown by past records of growing crops discounted by the time to maturity, risks of destruction and deterioration, and the costs of harvesting and caring for the crops. This language was stricken when the committee substituted an entirely new bill, of which section 9 became section 72-240.18, R. R. S. 1943.

We do not find the State's arguments persuasive. The argument ignores the first sentence of the subsection which says that the appraisers shall determine the "value" of the growing crop. The argument would amount to substituting "cost" instead of value as the measure of the lessee's interest. The statute does not say that the appraisers shall consider only the cost of putting in the crop and fertilizing it.

In Banks v. State, 181 Neb. 106, 147 N. W. 2d 132, we noted there had been an uninterrupted legislative policy for almost 50 years to compensate lessees at

the expiration of their lease for the improvements on school lands. We also noted that the Legislature had encouraged good husbandry and continuity in farming operations. The statute involved in this case, which was enacted the following year, did not change that policy.

The lease involved here had been on a year-to-year basis since December 31, 1969. In the Banks case we noted that in the case of fall-seeded grain crops, a calendar year unit serves no functional purpose in a lease unless the former tenant retains an interest in the growing crop. Under the present statute the lessee has the right to elect to harvest any fall-seeded growing grain crops in lieu of compensation for them. § 72-240.13, R. R. S. 1943. Instead of restricting the rights of the lessee the statute now allows the lessee to elect to take the value of the growing crops as of the date of the expiration of the lease or the entire value of the crops by harvesting them.

The State's second assignment of error relates to prejudgment interest which the trial court allowed from the date of the expiration of the lease. Prejudgment interest may be allowed only on claims where the amount to be recovered may be computed without reliance upon opinion or discretion. Abbott v. Abbott, 188 Neb. 61, 195 N. W. 2d 204.

The value of the growing crops in this case could not be determined except from opinion testimony by expert witnesses. The claim was unliquidated and the plaintiff was not entitled to recover prejudgment interest.

The judgment of the District Court is modified by deleting the provision for interest at the rate of 6 percent per annum from December 31, 1973. The judgment as modified is affirmed.

AFFIRMED AS MODIFIED.